UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL DIAZ,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

25-CV-5428 (LJL)

23-CR-0576-1 (LJL)

ORDER OF DISMISSAL

LEWIS J. LIMAN, United States District Judge:

    Movant Miguel Diaz, who is currently incarcerated at USP Canaan in Waymart, Pennsylvania, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging his April 11, 2025 conviction in *United States v. Diaz*, No. 23-CR-0576 (LJL) (S.D.N.Y. Apr. 11, 2025).[1] The petition asserts that Diaz's conviction under 18 U.S.C. § 922(g)(1) violates the Second Amendment. For the following reasons, the Court construes the motion as brought under 28 U.S.C. § 2255, and denies it without prejudice as to Diaz's ability to file a Section 2255 motion after the United States Court of Appeals for the Second Circuit issues its mandate in Diaz's pending direct appeal of his conviction. *See United States v. Diaz*, No. 25-910 (2d Cir.).

## BACKGROUND

    In a judgment dated April 11, 2025, Diaz was convicted, following a guilty plea, of one count of being a felon in possession of ammunition. ECF 1:23-CR-0576, 129. The Court sentenced Diaz to 112 months' imprisonment, followed by 3 years' supervised release. On April

---

[1] Diaz originally filed the petition in the United States District Court for the Eastern District of Pennsylvania. *See Diaz v. United States*, No. 2:25-CV-3215 (E.D. Pa. June 27, 2025). By order dated June 27, 2025, the Eastern District of Pennsylvania transferred the action to this court. (ECF 3.)

7, 2025, after Diaz was sentenced but before judgment was entered, Diaz filed a notice of appeal to the United States Court of Appeals for the Second Circuit. ECF 1:23-CR-0576, 130.² That appeal is currently pending. *See United States v. Diaz*, No. 25-910 (2d Cir.).

## DISCUSSION

A motion brought under 28 U.S.C. § 2255 and a petition brought under 28 U.S.C. § 2241 "offer relief for different claims." *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). Under Section 2255, "[a] prisoner in custody under sentence of a court" may challenge the constitutionality of his federal conviction. *See Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) ("We have held that § 2255 is the appropriate vehicle for a federal prisoner to challenge the imposition of his sentence."). Under Section 2241, a federal prisoner may challenge the execution of his federal sentence, "including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001).

Because Diaz has been sentenced, the Court construes this Section 2241 petition as brought under Section 2255, and denies it without prejudice as prematurely filed because his direct appeal is still pending in the Court of Appeals.³

---

² Diaz has also filed multiple *pro se* post-judgment motions, all of which the Court has denied. *See* ECF 1:23-CR-0576, 132 (S.D.N.Y. Apr. 15, 2025) (denying Diaz's motion for a reduction in sentence); ECF 1:23-CR-0576, 134 (S.D.N.Y. Apr. 18, 2025) (denying Diaz's motion for compassionate release); ECF 1:23-CR-0576, 141 (S.D.N.Y. May 29, 2025) (denying Diaz's motion to dismiss the indictment and vacate the judgment).

³ Normally, out of concern for the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* § 2255(h), the Court must allow a *pro se* litigant notice and an opportunity to withdraw his submission before the Court recharacterizes it as a Section 2255 motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998). That concern is not present here. The Court's denial of the motion without prejudice does not trigger the AEDPA's "second or successive"

A criminal defendant is generally required to pursue a direct appeal before bringing a Section 2255 motion.[4] *See United States v. Vilar*, 645 F.3d 543, 548 (2d Cir. 2011). Although there is no jurisdictional bar to adjudication of a Section 2255 motion while a direct appeal is pending, *see United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002), district courts generally conclude that declining to do so is in the interest of judicial economy "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time," *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (internal quotation marks and citation omitted), and to avoid expending resources to reach a decision that could be rendered a "nullity" by the results of a direct appeal, *Outen*, 286 F.3d at 632.

Given that Diaz's direct appeal of his judgment of conviction is not yet final, and a Section 2255 motion would therefore be premature, the petition for a writ of *habeas corpus,* construed as brought under Section 2255, is denied without prejudice as prematurely filed.

## CONCLUSION

The petition for a writ of *habeas corpus,* construed as brought under 28 U.S.C. § 2255, is denied without prejudice as prematurely filed. All pending matters are terminated.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

provision with respect to the next Section 2255 motion Diaz may file to challenge his conviction or sentence in *Diaz*, No. 23-CR-0576. *See Thai v. United States*, 391 F.3d 491, 495 (2d Cir. 2004); *Brudi v. United States*, No. 14-CV-0962 (JPO), 2014 WL 6390302, at *2 n.1 (S.D.N.Y. Nov. 17, 2014).

[4] Ineffective assistance of counsel claims may be brought in a Section 2255 motion without first being raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Here, however, Diaz does not raise claims of ineffective assistance of counsel.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment in this action.

SO ORDERED.

Dated: July 18, 2025
       New York, New York

                                            LEWIS J. LIMAN
                                     United States District Judge